UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD D. ROBESON,

    Plaintiff,

                                      Case No. 09-11231
v.                                       Hon. Lawrence P. Zatkoff

UNITED STATES STEEL CORPORATION,

    Defendant.
                                                    /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 31, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's motion to dismiss [dkt 6] and brief in support thereof [dkt 7]. Plaintiff has filed a response brief, and Defendant did not file a reply brief. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's motion is DENIED.

**II. BACKGROUND**

Plaintiff was employed by Defendant United States Steel Corporation ("Defendant"), and its predecessor, Great Lakes Steel Corporation, for over 30 years. On March 13, 2008, Plaintiff attempted to call a counselor during his lunch hour. The counselor was unavailable. Assuming that the call had been disconnected, Plaintiff, still holding the receiver, made several disparaging remarks

regarding the counselor, Defendant, Plaintiff's union, and African-Americans, intending that the comments be heard only by those present in the lunch room.  Unbeknownst to Plaintiff, the call had not been disconnected, and the comments were recorded on the counselor's voice-mail system.  Defendant terminated Plaintiff's employment following the incident.

Plaintiff alleges that prior to his termination, he had unsuccessfully run for election as part of a slate in opposition to the leadership of Local 1299 United Steel Workers of America ("the Union").  Plaintiff contends that the failed campaign resulted in hostile relations between the Union and himself, which carried over to the Union's representation of him in the grievance procedures following his termination.  The Union represented Plaintiff throughout the grievance process, but it withdrew the grievance from arbitration despite Plaintiff's desire to proceed.

Plaintiff filed this lawsuit alleging that Defendant breached the collective-bargaining agreement between Defendant and the Union when it wrongfully terminated him.  Plaintiff's complaint also details the various ways that Plaintiff believes the Union breached its duty of fair representation.  The Union is not a party to this action.  Defendant has moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) and (7).

### III. LEGAL STANDARDS

**A.  Fed. R. Civ. P. 12(b)(6)**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims.  The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992).  While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *See Advocacy Org.*

*for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions . . . .'").

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

**B. Fed. R. Civ. P. 12(b)(7)**

Fed. R. Civ. P. 12(b)(7) provides for dismissal for a "failure to join a party under Rule 19." In turn, Rule 19 requires that a party must be joined to a lawsuit when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Dismissal based on a failure to join under Rule 19 "is not the preferred

3

outcome under the Rules." *Askew v. Sheriff of Cook County, Ill.*, 568 F.3d 632, 634 (7th Cir. 2009).

## IV. ANALYSIS

The Court initially concludes that Plaintiff's claims are "substantially dependent" upon the terms of a collective-bargaining agreement. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). Plaintiff's breach-of-contract claims[1] will therefore be construed as arising under § 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185. *See id.*

Defendant sets forth two arguments in its motion to dismiss. First, Defendant maintains that the applicable collective-bargaining agreement, the 2003 Basic Labor Agreement ("the Agreement"), provides the exclusive remedy for Plaintiff's claims. Second, Defendant insists that Plaintiff was required to name the Union as a party-defendant in this matter, and it urges the Court to dismiss the case as a result of this perceived shortcoming.

### A. Exclusive Remedy

The United States Supreme Court has noted that "under § 301, as in other areas of the law, there is a strong presumption that favors access to a neutral forum for the peaceful resolution of disputes." *Groves v. Ring Screw Works, Ferndale Fastener Div.*, 498 U.S. 168, 173 (1990). This presumption is "overcome whenever the parties have agreed upon a different method for the adjustment of their disputes." *Id.* at 173–74. If a collective-bargaining agreement provides for a final and exclusive remedy, "an employee will be prohibited from bringing an action under § 301 absent an allegation that his union breached its fair duty of representation." *Alford v. Gen. Motors Corp.*, 926 F.2d 528, 531 (6th Cir. 1991).

---

[1] Plaintiff has agreed to dismiss Count III of his complaint, which alleged a conspiracy claim.

4

Thus, the initial question is whether the Agreement contains a bargained-for "final and exclusive" remedy. Defendant cites the following provision of the Agreement as providing Plaintiff's exclusive remedy:

> Except as expressly provided herein, the provisions of this BLA constitute the *sole procedure* for the processing and settlement of any claim by an Employee or the Union for a violation by the Company of this Agreement. As the representative of the Employees, the Union may process grievances through the grievance procedure, including arbitration, in accordance with this BLA or may adjust or settle same.

Def.'s Ex. 1 (emphasis added).

Plaintiff contends that the quoted language is similar to that found in *Groves*, where the Supreme Court held that the agreement at issue did not supply the exclusive remedy for a breach of that agreement. In *Groves*, however, the Supreme Court noted several times that the bargained-for procedures were "voluntary." *See* 498 U.S. at 175–76. *See also Pneumatic Trucking*, *Pneumatic Trucking, Inc. v. Local 164 Int'l Bhd. of Teamsters*, No. 05-74875, 2007 WL 2178394, at *4 (E.D. Mich. July 27, 2007) ("This CBA does not expressly provide that the grievance procedure is 'final and binding' or that it is an exclusive remedy.").

"Any doubts about the exclusivity of contractual grievance procedures are to be resolved in favor of finding such procedures to be exclusive[.]" *See McInnes v. John Hancock Mut. Life Ins. Co.*, 53 F.3d 331, at *2 (6th Cir. 1995) (table decision) (citing *Republic Steel Corp v. Maddox*, 379 U.S. 650, 658–59 (1965)). Here, the cited provision indicates that the Agreement contains the "sole procedure" for settling "any claim." The Agreement further describes the Board of Arbitration's decisions as "final and binding." *See* Def.'s Ex. 2 p.12.

Based on these provisions, the Court finds that the parties intended that the Agreement

5

provide the exclusive remedy for employee claims. Even though the Agreement provides for a final and exclusive remedy, Plaintiff has alleged that the Union breached its fair duty of representation and therefore may proceed on his § 301 claim. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983); *Alford*, 926 F.3d at 531.[2]

**B. Joinder of Union**

Defendant argues that since Plaintiff failed to join the Union as a party-defendant, Plaintiff's complaint should be dismissed on that basis. Plaintiff responds that as long as his complaint alleges the Union's breach of fair representation, he is not required to join the Union as a party.

Plaintiff's position is correct. "The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello*, 462 U.S. at 165. *See also Armstrong v. U.S. Postal Serv.*, 6 Fed. Appx. 282, 284 (6th Cir. 2001) ("To prevail, the complainant must prove both aspects of his claim, even if as in this case, he does not proceed against the union."); *Webb v. ABF Freight Sys., Inc.*, 155 F.3d 1230, 1239 (10th Cir. 1998) ("The plaintiff . . . need not sue both his union and former employer in the same case . . . ."); *Hill v. City of Oklahoma City*, No. CIV-05-261-L, 2006 WL 222718, at *5 (W.D. Okl. Jan. 30, 2006) (denying motion to join union as necessary party); *Evens v. S & K Equip. Co.*, No. 04-71198, 2005 WL 3454408, at *4 n.1 (E.D. Mich. Dec. 15, 2005) ("It is settled that an employee does not have to sue his employer and the union in the same action."); *Phillips v. Nelson Carlson Mech. Contractors*, No. 88 C 20167, 1989 WL 57707, at *2 (N.D. Ill. May 11, 1989) (denying motion to dismiss for failure to join union).

---

[2]Conversely, if the contractual remedies were not final and binding, § 301 would not require Plaintiff to allege the Union's breach, and he could proceed directly against the employer. *See Pneumatic Trucking*, 2007 WL 2178394, at *3.

The cases cited by Defendant do not conflict with such a holding. *See, e.g.*, *Mochko v. Acme-Cleveland Corp.*, 826 F.2d 1064, at *7 (6th Cir. 1987) (table opinion) ("Therefore, plaintiffs were required to *allege* breach of their union's duty of fair representation before being permitted to reach their breach of contract claim against the employer.") (emphasis added).

The Court concludes that Plaintiff is not required to join the Union as a party-defendant—although he will be required to prove a breach of the Union's fair duty of representation. *See DelCostello*, 462 U.S. at 165. Defendant does not actively challenge the viability of the fair-representation allegations, aside from characterizing them as "hollow assertions." As a result, the Court finds that dismissal is not warranted.

## V.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss [dkt 6] is DENIED.

IT IS SO ORDERED.

                                                                            S/Lawrence P. Zatkoff                              
                                                                            LAWRENCE P. ZATKOFF
                                                                            UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2010

CERTIFICATE OF SERVICE

7

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 31, 2010.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290